# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 17-50744
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSALIO AGUNDIS GARCIA,

Defendant-Appellant

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-1297-1

———

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Rosalio Agundis Garcia appeals the 46-month within-guidelines sentence and three-year term of supervised release imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a). He argues that his sentence violates due process because it exceeds the statutory maximum sentence allowed by § 1326(a). Specifically, Agundis Garcia argues

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that a prior conviction that enhances a sentence under § 1326(b) must be alleged in the indictment and proved to a jury.  He correctly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  However, he seeks to preserve the issue for possible Supreme Court review.

The Government has moved for summary affirmance or, alternatively, an extension of time to file a brief.  Because Agundis Garcia's argument is foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED as moot.